**SIDLEY** SIDLEY AUSTIN LLP

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

sbierman@sidley.com
(212) 839 5510

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES

NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/12

December 3, 2012

*Application GRANTED.*
*So ORDERED.*
*[signature]*
*December 4, 2012*

BY E-MAIL: Furman_NYSDChambers@nysd.uscourts.gov

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Dolan et al. v. Lawsky et al.*, No. 12 CV 8171 (JMF); SCHEDULING Request for 60-Day Extension to Answer, Move, or Otherwise Respond to the Complaint

Dear Judge Furman:

Our firm represents Defendant Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, in his capacity as Receiver of Executive Life Insurance Company of New York ("ELNY"), in the above-referenced action. We write on behalf of Mr. Lawsky, in his capacity as Receiver of ELNY (hereinafter the "ELNY Receiver"), pursuant to Fed. R. Civ. P. 6(b)(1)(A), to request an extension of time from December 5, 2012 until January 18, 2013 to answer, move or otherwise respond to the putative class action complaint (the "Complaint").

Pursuant to Rule 1(E) of Your Honor's Individual Rules and Practices, we advise the Court as follows: (1) the ELNY Receiver was served with the Complaint on November 14, 2012, the current time to respond to the Complaint under Fed. R. Civ. P. 12 is December 5, 2012, and the date to answer, move or otherwise respond to the Complaint would be January 18, 2013 if the Court grants the requested extension; (2) this is the ELNY Receiver's first request for an extension of time; and (3) counsel for Plaintiffs has consented to the requested extension.

On November 8, 2012, Plaintiffs filed the Complaint, alleging, *inter alia,* that, in his capacity as a court-appointed receiver of ELNY, the ELNY Receiver (and his predecessors) breached their fiduciary duties to Plaintiffs and fraudulently concealed material information from Plaintiffs. These purported claims arise out of the insolvency of ELNY, an insurer that issued life insurance policies and annuity contracts. Pursuant to article 74 of the New York Insurance Law, the New York State Supreme Court, Nassau County, ordered ELNY into rehabilitation in 1991 and appointed the then-Superintendent of Insurance of the State of New York (n/k/a the Superintendent of Financial Services) (the "Superintendent") and his successors in office as

# SIDLEY
SIDLEY AUSTIN LLP

Hon. Jesse M. Furman
December 3, 2012
Page 2

rehabilitator and receiver. *See In re Rehabilitation of Exec. Life Ins. Co. of N.Y.*, Index No. 8023/91 (N.Y. Sup. Ct., Nassau Cnty).

Since that time, the Superintendent has served as the court-appointed Rehabilitator for ELNY. In September 2011, the Superintendent determined that further rehabilitation efforts were futile and proposed a comprehensive liquidation plan. In April 2012, after an 11-day hearing at which objectors, including the named Plaintiffs in the Complaint, were heard, the Supreme Court converted the rehabilitation proceeding into a liquidation proceeding and approved the distribution of ELNY's remaining assets in accordance with the Superintendent's proposed liquidation plan.

The ELNY Receiver requests additional time to respond to the Complaint for several reasons:

*First*, the filing of the Complaint violates anti-suit injunctions in force, which the New York State Supreme Court issued in *In re Rehabilitation of Executive Life Insurance Co. of New York*. That court's April 21, 1991 Order placing ELNY into rehabilitation and its December 16, 1992 Order approving the rehabilitation plan enjoin and restrain all persons from bringing any action at law, suit in equity, special or other proceeding against the Superintendent or his agents in their capacity as receiver of ELNY. Additionally, the New York State Supreme Court's April 16, 2012 Liquidation Order in that action further enjoined all persons from commencing actions against the ELNY Receiver. Plaintiffs' counsel of record in the present action was the objectors' lead counsel during the 11-day hearing in the New York State Supreme Court noted above that resulted in the court's Liquidation Order. Indeed, in their pending appeal of the Liquidation Order to the Appellate Division, Second Department (Docket No. 2012-05969), the same Plaintiffs here and their same counsel acknowledged that the injunction in the Liquidation Order requires that "[l]eave of the court must be obtained to sue a receiver in his or her representative, as opposed to individual, capacity." (*Id.*, Appellants' Br. at 37 (filed Aug. 17, 2012).)

Because Plaintiffs filed the present action without seeking and obtaining leave of the New York State Supreme Court, Nassau County, or modification of the anti-suit injunctions in force, we have requested that Plaintiffs voluntarily dismiss this action without prejudice. In the event that Plaintiffs refuse to do so, we will be filing a motion for contempt before the state supreme court, seeking to enjoin the continuation of this action and sanctions for willful violation of the court's orders, and, respectfully, wish to accord that court sufficient time to address this matter before the ELNY Receiver should be required to respond to the Complaint in this action.

*Second*, in conformance with Rule 3(B)(i) of Your Honor's Individual Rules and Practices, we advise the Court that additional time is needed to set "forth the specific pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends



Hon. Jesse M. Furman
December 3, 2012
Page 3

would warrant dismissal." In particular, the Complaint focuses on alleged conduct more than a decade, indeed, two decades, ago, and involves individuals no longer associated with the office of the Superintendent or the New York Liquidation Bureau, the agency that carries out the duties of the Superintendent in his capacity as Receiver. Additionally, the New York Supreme Court recognized that the Superintendent is protected by judicial immunity for actions taken as the ELNY Receiver (which Plaintiffs' pending appeal also disputes), and that defense will be relevant to any responsive pleading here.

     We thank the Court for its consideration of this request and are available at the Court's convenience should Your Honor have any questions.

                                   Respectfully submitted,

                                   Steven M. Bierman

cc:       Counsel of Record (*by e-mail and first-class mail*)