

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>(212) 839 5300<br>(212) 839 5599 FAX<br><br>sbierman@sidley.com<br>(212) 839 5510 | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>HOUSTON<br>LONDON<br><br>FOUNDED 1866 | LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |

January 29, 2013



**By Email**

The Honorable Jesse M. Furman
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Dolàn v. Lawsky*, No. 1:12-cv-8171-JMF: Receivership Court's Contempt Order

Dear Judge Furman:

  I write on behalf of Defendant Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York ("Superintendent Lawsky"), to apprise you of a recent development relevant to Superintendent Lawsky's recently filed Motion to Abstain or, in the Alternative, Dismiss Plaintiffs' Action Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 14, filed Jan. 18, 2013). As Superintendent Lawsky's Memorandum of Law in Support of the Motion (D.E. 15, filed Jan. 18, 2013) explained, *Burford* abstention is appropriate due to the related proceedings that are ongoing in the state court. *See* Mem. at 1-2, 5-6. Such state court activity included Superintendent Lawsky's pending motion for contempt sanctions against Plaintiffs' counsel based on their violation of the anti-suit injunctions issued by the New York Supreme Court (Nassau County) ("Receivership Court"). *See id.* at 2 n.1, 5-6.

  For Your Honor's information, on January 25, 2013, the Receivership Court issued an order recognizing that its anti-suit injunctions restraining "'any action . . . against . . . the Superintendent of Insurance of the State of New York and his successors in office'" "continue to remain in effect." *In re Rehabilitation of Executive Life Ins. Co. of N.Y.*, No. 91-8023, slip op. at 3 (N.Y. Sup. Ct., Nassau Cnty. Jan. 25, 2013) (attached as Ex. A, hereto). Accordingly, the Receivership Court held "that counsel to the Objector-Plaintiffs [*i.e.*, Plaintiffs' counsel here] are in civil contempt." *Id.* at 4. The Receivership Court concluded that contempt was appropriate because Plaintiffs' counsel filed this putative class action on November 8, 2012, *see id.* at 1, despite the Receivership Court's orders "enjoining the commencement of lawsuits against the Receiver [*i.e.*, Superintendent Lawsky] or others," *id.* at 2; *see id.* at 2-3 (discussing the

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.





January 29, 2013

Page 2

injunctions). The Receivership Court's order reiterated that proceedings are still pending in that court and on appeal before the Second Department. *See, e.g., id.* at 1, 4.

Respectfully submitted,

Steven M. Bierman

Enclosure

cc: Edward S. Stone, Esq. (via email)
    Roger P. Christensen, Esq. (via email)
    Karra J. Porter, Esq. (via email)
    Kristen C. Kiburtz, Esq. (via email)
    Bruce E. Yannett, Esq. (via email)
    Carl Micarelli, Esq. (via email)