

LAW OFFICES OF
# CHRISTENSEN & JENSEN

A PROFESSIONAL CORPORATION

15 West South Temple, Suite 800
Salt Lake City, Utah 84101
Telephone (801) 323-5000
Fax (801) 355-3472

e-mail: cjlaw@chrisjen.com
www.chrisjen.com

Roger P. Christensen
Dale J. Lambert
L. Rich Humpherys
William J. Hansen
Phillip S. Ferguson
Kelly H. Macfarlane
Karra J. Porter
David C. Richards
Rebecca L. Hill
Geoffrey C. Haslam
Nathan D. Alder
Scott T. Evans**

George W. Burbidge II
Barton H. Kunz II
Ruth A. Shapiro
Heidi G. Goebel ††
Scot A. Boyd
Heather L. Thuet
Eric K. Jenkins
Sarah E. Spencer †
Gabriel K. White
Tyler V. Snow
Robert S. Gurney
Timothy J. Curtis
Kristen C. Kiburtz
Nate R. White

Of Counsel: Alain C. Balmanno

Ray R. Christensen (Retired)
E.R. Christensen (1886-1979)
Jay E. Jensen (1928-2003)

**Also licensed in Nevada
†† Also licensed in Colorado and Indiana
† Also licensed in Colorado

January 30, 2013

The Honorable Jesse M. Furman
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Dolan v. Lawsky*, No. 1:12-cv-8171-JMF:  Receivership Court's Contempt Order

Dear Judge Furman:

We have many years of experience in cases before federal district courts, but are relative newcomers to federal district courts in New York. Certainly, we have been aware for a long time that the United States District Court for the Southern District of New York is, perhaps the most prestigious of the federal trial courts and it is an honor for us to be before the Court in this case.

We recognize that different courts have different local rules and customs and we also recognize the need for us to adapt our practices accordingly. While this case has just been filed, we have already seen opposing counsel addressing matters by way of letters to the court that we are accustomed to seeing addressed by way of pleadings, motions or hearings. Our co-counsel, who practices in New York, has also been surprised by this, but his federal court experience in New York is limited. We would very much appreciate any direction that the Court can provide us on this subject.

In the meantime we are sending this letter in response to the letter of January 29, 2013, sent by Mr. Steven M. Bierman, counsel for the New York Superintendent of financial services. That letter advises the Court of an order issued at the Superintendent's request holding us, in our capacity as counsel for the plaintiffs in this case, in contempt. The sole basis for that finding is our filing the present action in this court. It is the only time that Ms. Porter, Mr. Stone or I have ever been held in contempt by any court for any reason. It is ironic that the "contemptible" act is assisting innocent people in seeking redress in this Court for the improper waste that occurred during the failed Rehabilitation of ELNY and the resulting loss of guaranteed annuity benefits that are essential to their financial survival.

**CHRISTENSEN & JENSEN**
The Honorable Jesse M. Furman
January 30, 2013
Page 2

Now that this order has been put before this Court, it is important to us and our clients that it be viewed in context. First, at the heart of the contempt issue is a decision and order issued by Judge Galasso of the Nassau County state Supreme Court, approving a petition by the New York Superintendent of Financial Services to convert the decades old ELNY rehabilitation to a liquidation. In considering the Superintendent's petition, the judge made it clear that the proceeding was very limited in its scope and that none of the issues raised in the complaint filed in this court could be considered. Nevertheless, at the encouragement of the Superintendent, the Order contained language purporting to make it broader than the issues before it.

That order is currently on appeal before the Appellate Division, Second Department as Docket No. 2012-05969. It was placed on an expedited schedule, has been fully briefed and was argued on November 15, 2012. A decision has been expected for several weeks. Specifically at issue in the appeal is whether in the proceeding, limited by statute to jurisdiction of the ELNY estate, Judge Galasso had subject matter jurisdiction to enjoin nonparties from making claims against persons and/or entities other than ELNY. Also at issue on appeal is the question of how broadly the language of the subject order, relating to injunctive relief and/or the language purporting to gratuitously grant immunity may be interpreted consistent with New York law and the court's subject matter jurisdiction. (Unlike he is doing here, in arguing for approval of the order the Superintendent assured the court that he was not seeking blanket immunity and that there would only be immunity for actions taken in good faith.) (In preparing the complaint for filing in this Court, we took the Superintendent at his word and made no claim for good faith actions).

Accordingly, the questions of the legality and interpretation of the subject order are central to the pending appeal. In spite of this and in spite of the fact that a decision on those issues from the appellate court is imminent, the Superintendent initiated contempt proceedings in the lower court. In his contempt motion, he argued that the requirements that he demonstrate the existence of, "a lawful order, clearly expressing an unequivocal mandate," had been met as a matter of law. Even though these very issues are being contested in the appeal, Judge Galasso so found. However, that ruling is subject to being undercut by the pending appellate decision.

Second, as stated in the decision of the United States Supreme Court in *Donovan v. City of Dallas*, 377 U.S. 408 (1964), "Early in the history of our country, a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings. That rule has continued substantially unchanged to this time." (*Id.* at p. 412.) In *Donovan* (a case were the state contempt proceedings actually seemed to have merit) the Supreme Court held that a Texas state court, even the Texas Supreme Court, did not have the power to use civil contempt sanctions to force litigants to dismiss a case filed in Federal Court. In so holding, the Court said, "Petitioners being properly in federal court, had a right granted by congress to have the court decide the issues they presented, and to appeal to the Court of Appeals from the District Court's dismissal. They have been punished both for prosecuting their federal court case and for appealing it. They dismissed their appeal because of threats to punish them more if they did not do so." (*Id.* at p. 412.)

**CHRISTENSEN & JENSEN**
The Honorable Jesse M. Furman
January 30, 2013
Page 3

      It is very significant that *Donovan* was followed and strongly reaffirmed in *General Atomic Company v. Fetter*, 434 U.S. 12 (1977). In the *General Atomic* decision, the Court struck a New Mexico injunction and rejected an effort by the New Mexico Supreme Court to distinguish *Donovan*. In its decision it stated: "Indeed, *Donovan* presented as compelling a case as there could be for permitting a state court to enjoin further prosecution of vexatious federal proceedings." (*Id.* at p. 17.) (*See also Baker v. General Motors Corporation*, 522 U.S. 222 (1998).

      The *Donovan* line of cases has been consistently enforced in the Southern District of New York. *See Merrill Lynch v. Banks*, 868 F.Supp 532 (1994) and *Stinson v. Hance, et al.*, 2002 WL 31834464 (S.D.N.Y.).

      It could not be more clear that a state court cannot enjoin a federal action or use contempt proceedings to preclude citizens' attempts to have their claims heard in federal court. (*See also General Atomic, supra*, at p. 17.) Nevertheless, that is precisely what the Galasso order is purporting to do here. On page 3 of his decision, Judge Galasso expressly found us in contempt for, "filing an action in federal court." A $5,000 fine was imposed. On page 4 the order threatens further fines, making specific reference to "a motion to dismiss the federal complaint." The fact that the Superintendent has shown the ability to get the state court to issue a patently unlawful order reconfirms our clients' need to have their claims heard in this court.

      Because the contempt issue could well be mooted by the decision on appeal, we are currently exploring, with opposing counsel, the possibility of stipulating to a limited stay of the action before you pending the outcome on appeal. We would like to avoid as many unnecessary issues as we can. If we can work out a stipulation, that should simplify what you are required to decide. However, either way we anticipate presenting an appropriate motion for your consideration within the next few days.

                                                      Very truly yours,

                                                      CHRISTENSEN & JENSEN, P.C.

                                                      Roger P. Christensen
                                                      Karra J. Porter

cc:     Edward S. Stone (via email)
           Steven M. Bierman (via email)
           Bruce E. Yannett (via email)
           Carl Micarelli (via email)