D&F



# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON

LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

sbierman@sidley.com
(212) 839 5510

FOUNDED 1866



February 1, 2013

**By Email**

The Honorable Jesse M. Furman
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Dolan v. Lawsky*, No. 1:12-cv-8171-JMF: Plaintiffs' Letter of January 30, 2013

Dear Judge Furman:

   I write on behalf of Defendant Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, in response to the January 30, 2013 letter (D.E. 22) that Roger P. Christensen and Karra J. Porter filed on purported behalf of Plaintiffs in this case.

   In accordance with section 1.A of Your Honor's Individual Rules and Practices in Civil Cases ("Except as otherwise provided below, communications with Chambers shall be by letter . . . ."), we submitted a letter on January 30, 2012 (D.E. 21) that simply—and without argument—apprised this Court of the outcome of contempt proceedings in the Receivership Court that were referenced in Superintendent Lawsky's Memorandum of Law in Support of His Motion to Abstain or, in the Alternative, Dismiss (D.E. 15 at 1-2, 5-7). Mr. Christensen and Ms. Porter's January 31, 2013 letter in response is improper,[1] and makes arguments that are

---

[1] Neither Mr. Christensen nor Ms. Porter is admitted to practice in the Southern District of New York. *See* Compl. at p.64 (erroneously claiming that their "Admission pro hac vice [is] pending"); Local Civ. R. 1.3(c) ("A member in good standing of the bar of any state or of any United States District Court may be permitted to argue . . . upon motion [to appear *pro hac vice*]. . . . Only an attorney who has been so admitted [*pro hac vice*] or is a member of the bar of this Court may enter appearances for parties . . . .") (emphasis added); *United States v. Int'l B'hood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, No. 88 Civ. 4486 (DNE), 1996 WL 383237, at *4-5 (S.D.N.Y. July 8, 1996) (holding that submitting a letter to this Court constitutes the practice of law, and denying motion for admission *pro hac vice* where counsel, *inter alia*, filed letters "in this Court in the instant case without first seeking admission *pro hac vice*"). Accordingly, their letter should be ignored.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



unnecessary and inapposite to Superintendent Lawsky's Motion to Abstain or Dismiss (D.E. 14), the only motion pending before this Court.

Even if Mr. Christensen and Ms. Porter's letter were properly filed, *see supra* at 1 n.1, it misses the point of Superintendent Lawsky's pending Motion to Abstain or Dismiss (D.E. 14). Superintendent Lawsky does not seek abstention or dismissal on the basis that this Court is enjoined from hearing Plaintiffs' suit. Rather, Superintendent Lawsky's Memorandum of Law (D.E. 15) points out that the Receivership Court had issued anti-suit injunctions to facilitate ongoing rehabilitation and liquidation pursuant to N.Y. Insurance Law Article 74, and that contempt proceedings related to those injunctions were among the matters pending in the Receivership Court. *See* Mem. at 1-2, 5-7. Superintendent Lawsky submitted that, as in other cases, the ongoing Article 74 proceedings warranted *Burford* abstention. *Id.* at 7, 9-11. Superintendent Lawsky's January 30, 2012 letter (D.E. 21) simply updated this Court regarding the Receivership Court's order related to those proceedings. Far from suggesting that this Court is enjoined from proceeding, Superintendent Lawsky believes, as argued in his Motion, that it is appropriate for this Court to act on and grant his pending motion for abstention, or, independently and in the alternative, to dismiss the Complaint for failure to state a claim. Thus, Mr. Christensen and Ms. Porter's letter's discussion of *Donovan v. City of Dallas*, 377 U.S. 408 (1964), and its progeny, is misplaced. *See* Ltr. at 2-3.

Finally, Mr. Christensen and Ms. Porter are mistaken in suggesting that the appeal under consideration by the Second Department is relevant to Superintendent Lawsky's pending motion, and thus proceedings should be stayed in this Court pending the outcome of that appeal. *See* Ltr. at 3. Regardless of how the Second Department decides the appeal, Article 74 proceedings will be ongoing before the Receivership Court. In light of those proceedings, abstention is warranted.

Respectfully submitted,

Steven M. Bierman

cc: Edward S. Stone, Esq. (via email)
Roger P. Christensen, Esq. (via email)
Karra J. Porter, Esq. (via email)
Kristen C. Kiburtz, Esq. (via email)
Bruce E. Yannett, Esq. (via email)
Carl Micarelli, Esq. (via email)